MR. JUSTICE SHEEHY,
specially concurring:
I concur in the foregoing opinion.
The provisions of Art. II, Section 16, 1972 Montana Constitution, are further evidence of a strong public policy in this State that impedances to state courts may not be contenanced by us. The constitutional statement is that courts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property or character. Forum selection clauses in contracts impede the right to judicial process and especially discourage a speedy remedy.
A further reason for refusing validity to a forum selection clause may be found in the development of long-arm jurisdiction. Whereas formerly, a state could not make a binding judgment in personam against an individual or corporate defendant with which the state had no contacts, ties or relations (Pehnoyer v. Neff (1877), 95 U.S. 714, 24 L.Ed 565), with the decisions of the U.S. Supreme Court beginning in 1945 (International Shoe Co. v. State of Washington (1945), 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed 95), it became recognized that due process is provided non-state residents if traditional notions of justice and fair play made them amenable to state jurisdictions away from home. See Travelers Health Association v. Virginia (1950), 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154; Perkins v. Benguet Consolidated Mining Co. (1952), 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485; McGee v. International Life Ins. Co. (1952), 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; Hanson v. Denckla (1958), 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283.
Thus under McGee, supra, it was sufficient for due process that suit was based on a contract which had substantial connection with that state. 355 U.S., p. 223. Here Polaris’ contact with Midland constituted very substantial connections with Montana. Under any modern concept of in personam jurisdiction over non-state defendants, Polaris is plainly subject in this case to Montana’s long-arm jurisdiction. It would be patently a step back from the cases affording such jurisdiction to hold that forum selection clauses may set aside the significant growth of in personam jurisdiction law.
Montana’s rules of civil procedure take notice of the growth in the law pertaining to non-state defendants in state courts. Rule 4B provides that jurisdiction of the state courts stretches to include any *113 claim for relief from the doing personally or through employees of the transaction of any business in the state or entering into a contract for materials to be furnished in this state. Those activities provide the “minimum contacts” by the non-state resident which makes long-arm jurisdiction of the non-state resident comportable with due process. International Shoe Co., supra.
I therefore agree that section 27-2-708, MCA, states a public policy that has existed in Montana historically and has even more meaning with the development of the newer concepts of long-arm jurisdiction. That policy makes forum-selection clauses in contracts in our state void. There is a measure of protection even so for non-state residents. If there are not the minimum contacts necessary for long-arm jurisdiction with the state by the non-state resident, no state jurisdiction exists with or without the forum selection clause.